UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL KIET PHAM,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF STATE OF CALIFORNIA,<br><br>        Respondent. | Case No.:1:13-cv-00656- SAB (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURSIDICTION AND DIRECTING PETITIONER TO FILE AN AMENDED PETITION<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

///

### A.   Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, petitioner names the People of the State of California as Respondent. Although Petitioner may have been convicted by the State of California, the State cannot be considered the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), vacated in part on other grounds, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

### B.   "In Custody" Requirement

In order to seek habeas corpus relief under sections 2254, the prisoner must demonstrate that he is "in custody" at the time the petition is filed. 28 U.S.C. § 2254(a). The custody requirement is jurisdictional. Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam). It is not necessary that a prisoner be physically confined to meet the custody requirement. In general, custody is established if the sentence imposed "significantly restrain[s] petitioner's liberty to do those things which in this

country free men are entitled to do." Jones v. Cunningham, 371 U.S. 236, 243 (1963). For instance, if a prisoner is on parole or probation at the time of filing, he is considered to be in custody. See e.g., Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005). Thus, a person is not in custody within the meaning of Section 2254 if he has fully served his sentence and is not subject to court supervision. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). In the instant petition, Petitioner does not demonstrate that the custody requirement is satisfied on the conviction for which he seeks to challenge.[1] Thus, Petitioner must amend the petition to explain how he satisfies the custody requirement.

## II.

## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED THAT:

1. Within thirty days from the date of service of this order Petitioner shall show cause why the petition should not be dismissed for lack of jurisdiction;

2. The Clerk of Court is directed to forward Petitioner a blank section 2254 form petition; and

3. The failure to comply with this order will result in dismissal of the petition. Local Rule 110.

IT IS SO ORDERED.

Dated: **June 27, 2013**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the appellate court's decision in Petitioner's underlying conviction in case number F061490, cited on the form petition. See People v. Pham, No. F061490, 2012 WL 499486 (Cal. Ct. App. Feb. 12, 2012). On June 21, 2010, Petitioner was convicted in the Madera County Superior Court of communicating with a minor with intent to commit oral copulation (Cal. Penal Code § 288.3(a)) and annoying or molesting a minor (Cal. Penal Code § 647.6 (a)). Id. at *1. On December 1, 2010, Petitioner was placed on felony probation with 120 days of county jail time. Id.