IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL KIET PHAM,<br><br>    Petitioner,<br><br>    v.<br><br>JERRY POWERS,<br><br>    Respondent. | Case No. 1:13-cv-00656 MJS (HC)<br><br>**ORDER REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 18]** |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by William K. Kim, of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 6, 17.)

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Madera, following his December 1, 2010 conviction of communicating with a minor with the intent to commit oral copulation, and annoying or molesting a minor. Petitioner was sentenced to 120 days in jail, and required to register as a sex offender under California law.

Petitioner thereafter appealed the conviction. On February 15, 2012, the

California Court of Appeal, Fifth Appellate District affirmed the Judgment. (Mot. to Dismiss, Ex. 1.) The California Supreme Court summarily denied review on May 9, 2012. (Id., Ex 2.)

On May 6, 2013, Petitioner filed the instant petition for writ of habeas corpus in this Court raising four different claims for relief, as follows:

1) admission of testimony that Petitioner asked if there was a "brothel" violated due process;

2) requiring mandatory sex offender registration for sections 288.3(a)/288a conviction violated the equal protection clause;

3) requiring mandatory sex offender registration for section 647.6(a) conviction violated the equal protection clause;

4) denial of effective assistance of counsel for either not advising him that he could testify, or not advising him to testify.

(Pet. at 4-7, ECF No. 1.)

On August 28, 2013, Respondent filed a motion to dismiss based on Petitioner's failure to exhaust claim four of the petition. (Mot. To Dismiss, ECF No. 18.) Petitioner filed an opposition to the motion to dismiss on September 17, 2013. (Opp'n., ECF No. 21.)

**II.   DISCUSSION**

**A.   Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

As stated above, Petitioner raised four claims for relief in his petition. Respondent contends that Petitioner's fourth claim for ineffective assistance of counsel was not exhausted in state court. Petitioner, in his opposition, attempts to amend his petition to remove the fourth claim for relief. The Court shall provide Petitioner the opportunity to amend the petition. See Rose, 455 U.S. at 521-22; Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (Courts must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so.)

Petitioner has evinced a clear intent to file an amended petition removing the fourth claim of the petition. While Petitioner attached a copy of the amended petition to his opposition, for the sake of clarity, the Court shall require Petitioner to file another copy of the amended petition by itself so as to provide the amended petition with its own docket number and prevent confusion.

Based on Petitioner's amended petition removing the unexhausted claim from the petition, Respondents motion to dismiss based on exhaustion is denied as moot.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss the Petition for Habeas Corpus is DENIED as moot in light of the fully exhausted amended petition; and

2. Petitioner is required to file a copy of the amended petition with the Court within thirty (30) days from the date of issuance of this order. Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: September 23, 2013         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE